# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA**, | * | |
| | * | |
| | * | |
| vs. | * | Case No. RWT 10-cr-777-15 |
| | * | |
| **ANTHONY MARCANTONI**, | * | |
| | * | |
| Defendant | * | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 8, 2005, Defendant, Anthony Marcantoni, was sentenced in the United States District Court for the District of Maryland for 60 months imprisonment, followed by a term of supervised release of five years, in connection with charges including conspiracy to distribute marijuana, identity fraud, false statement, and money laundering. *See* Judgment, *United States v. Anthony J. Marcantoni*, No. 03-cr-00088-WDQ (D.Md. April, 8, 2005), ECF No. 50. In 2007, after serving a 60 month federal sentence of incarceration for conspiracy to distribute marijuana, identity fraud, false statement, and money laundering, Mr. Marcantoni began serving a term of five years supervised release. While on supervised release, a Grand Jury returned a superseding indictment on April 11, 2011 which added Mr. Marcantoni as a defendant and charged him with conspiring to distribute 1,000 kilograms or more of marijuana.

On June 16, 2011, a pretrial detention hearing was held before Magistrate Judge William Connelly, pursuant to 18 U.S.C. § 3142(f). At the conclusion of the hearing, Judge Connelly found, by clear and convincing evidence, from the information produced at the hearing that the defendant (1) poses a risk to the safety of other persons and the community, and (2) that there is no condition or combination of conditions which will reasonably assure community safety. As a result of these

1

findings, Judge Connelly entered an Order detaining the Defendant pending trial. On September 28, 2011, Judge Connelly affirmed his June 16, 2011 ruling, when he denied Defendant's Motion to Amend the Order of Detention.

On January 19, 2012, Defendant filed a Motion to Amend Order of Detention [ECF No. 246], pursuant to 18 U.S.C. § 3145(b). Mr. Marcantoni has been indicted for an offense that provides up to life imprisonment and a potential 20 year mandatory term of incarceration. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846. Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because Mr. Marcantoni has been indicted for an offense for "which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

In accordance with § 3145(b) and the relevant case law, *see e.g., United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 331-34 (4th Cir. 1985), this Court has conducted a *de novo* review of the detention order. In conducting this review, the Court has considered, in addition to Defendant's motion, the findings of Judge Connelly, the written record before him, a recording of the June 16, 2011 and September 28, 2011 detention hearings held before him, the Government's opposition, and additional proffers and arguments from both counsel for the Government and counsel for the Defendant at a hearing held before the undersigned on February 9, 2012. On the basis of this review, the Court makes the following findings in accordance with the factors elucidated in § 3142(g).

1. The Court adopts and incorporates all of Judge Connelly's findings below.

2.      The Defendant is charged with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, which has a potential term of imprisonment of life and a potential mandatory twenty (20) year term of incarceration.

3.      The weight of the Government's proffered evidence as to Defendant's guilt, including wiretap intercepts of co-defendants discussing payments of funds to Mr. Marcantoni, multiple cellular phones, as well as the testimony of other co-defendants and witnesses implicating Mr. Marcantoni in the conspiracy, is moderate to substantial.

4.      Additional evidence proffered by the Government, includes evidence that (1) at least one participant in the conspiracy describes delivering multiple 50 to 100 pound loads of marijuana to Mr. Marcantoni between 2008 and 2010; (2) another participant in the conspiracy describes receiving multiple 100 to 200 pound deliveries from Mr. Marcantoni starting in 2009 until November 2010; and (3) Mr. Marcantoni's insistence that a co-conspirator use a Philadelphia-based attorney who, on a prior occasion, intimidated another member of the conspiracy.

5.      Although the Defendant's ties to the community are strong, his character and history are not good.  His character and history indicate a proclivity to engage in the exact same illicit drug conduct, which resulted in his 2005 sentence for conspiracy to distribute marijuana, identity fraud, false statement, and money laundering before Judge Andre Davis.

3

6.      While the Court believes there is a modest risk that the Defendant will not appear at trial, the Court finds that there is a serious risk of danger to the community posed by Defendant's preferred pretrial release conditions—confinement and electronic monitoring—given that the Defendant was on supervised release at the time of the instant offense, and has not adjusted well to supervision by being out of range on several occasions and returning home late without prior authorization.

As a result of these findings, and for the reasons stated on the record at a hearing held before the undersigned on February 9, 2012, it is, this 22nd day of February, 2012, by the United States District Court for the District of Maryland

**ORDERED**, that Defendant Anthony Marcantoni's Motion to Amend Order of Detention [ECF No. 246] is **DENIED**.

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

4